```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JOSEPH DAVID MORALES, <br><br> Petitioner, <br><br> -against- <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. 13-CV-1710 (LAP) <br><br> No. 08-CR-1195 (LAP) <br><br> ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Mr. Morales motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (See dkt. no. 1.)[1]  Since filing his petition, Mr. Morales has been released from prison.  (See dkt. no. 5.)  Accordingly, the Court construes Mr. Morales's petition as a petition for a writ of error coram nobis.  For the reasons below, the petition is DENIED.

    To obtain such an "extraordinary remedy," Mr. Morales must show, inter alia, that he "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ."  Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014).  But despite having several opportunities to supplement his petition, Mr. Morales identifies no legal consequences that he continues to suffer as a result of his conviction.  His petition may be denied on that basis alone.

---

[1] All docket entries refer to the civil docket.

Moreover, even addressing the merits of Mr. Morales's petition--which raises four issues of ineffective assistance of counsel[2]--Mr. Morales is not entitled to relief.  After carefully reviewing the record, the Court finds that Mr. Morales has failed to establish both (1) "that counsel's representation fell below an objective standard of reasonableness" or (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Lafler v. Cooper, 566 U.S. 156, 163 (2012).

For the foregoing reasons, Mr. Morales's petition [dkt. no. 1] is DENIED.  The Clerk of the Court shall (1) close the case, (2) deny all pending motions as moot, and (3) mail a copy of this order to Mr. Morales.

**SO ORDERED.**

Dated:      March 26, 2021
            New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

---

[2] Specifically, Mr. Morales argues that he received ineffective assistance because his attorney (1) failed to present expert testimony, (2) did not object to the Court's allowing NYPD Detective Daniel Fox to testify, (3) wrongly advised Mr. Morales not to take the stand, and (4) failed to impeach one of the Government's witnesses.  (See dkt. no. 1 at 2-10.)